IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DONNIE RAY LEWIS JR., | ) | 4:09CV3131 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| TODD STYSKAL, and LANCASTER | ) | |
| COUNTY JAIL, the, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint on June 30, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.   **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on June 30, 2009, against Lancaster County Corrections Officer Todd Styskal ("Styskal") and the Lancaster County Jail. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is an African-American who is currently confined in the Lancaster County Jail in Lincoln, Nebraska. (*Id.* at CM/ECF p. 3.)

Condensed and summarized, Plaintiff alleges that on June 26, 2009, he had an argument with Peter Dudek ("Dudek"), a white inmate. (*Id.* at CM/ECF p. 1.) During the argument, Dudek attacked Plaintiff with a carpenter pencil. (*Id.*) Plaintiff "pressed the call button" to alert Styskal of the attack and said "You better come and get him before I beat his ass." (*Id.*) After Styskal arrived, Plaintiff was placed in lockdown, but Dudek was not "sanctioned." (*Id.* at CM/ECF p. 2.) Plaintiff alleges Styskal treated him differently than Dudek because of his color. (*Id.*) Plaintiff does not request any relief. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

### A. Plaintiff's Claims Against the Lancaster County Jail

Plaintiff names the Lancaster County Jail as a Defendant in this matter. (Filing No. 1 at CM/ECF p. 1.) The court construes claims against the Lancaster County Jail as claims against Lancaster County. As a municipal defendant, Lancaster County may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among

2

various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Lancaster County, or that Lancaster County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injures. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Lancaster County across the line from conceivable to plausible under the *Jane Doe* standard.

However, on its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege a claim against Lancaster County in accordance with the *Jane Doe* standard. Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended

complaint in accordance with this Memorandum and Order, Plaintiff's claims against Lancaster County will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### B. Equal Protection Claim

The court liberally construes Plaintiff's Complaint to allege an equal protection claim against Styskal. The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike, a protection that applies to prison inmates. *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004). In order to establish an equal protection claim, a prisoner must show that he was treated differently from similarly-situated inmates and that the different treatment was based upon either a suspect classification or a fundamental right. *Weems v. Little Rock Police Dep't*, 453 F.3d 1010, 1016 (8th Cir. 2006); *Weiler v. Purkett*, 137 F.3d 1047, 1052 (8th Cir. 1998).

Here, Plaintiff alleges that he was treated differently than Dudek, a similarly situated white inmate, because of his color. (Filing No. 1 at CM/ECF pp. 8-10.) This allegation is sufficient to nudge Plaintiff's equal protection claim across the line from conceivable to plausible. As a result, Plaintiff's equal protection claim against Styskal may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1.   Plaintiff's equal protection claim against Defendant Styskal may proceed. However, no summonses will be issued until Plaintiff has an opportunity to amend his Complaint in accordance with this Memorandum and Order.

2.   Plaintiff shall have until **September 14, 2009**, to amend his Complaint and clearly state a claim upon which relief may be granted against Defendant Lancaster County,

in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendant Lancaster County will be dismissed without further notice for failure to state a claim upon which relief may be granted, and summonses will be issued for Plaintiff's equal protection claim against Defendant Styskal only.

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), any new allegations and a demand for relief. Failure to consolidate all claims into one document may result in the abandonment of claims.

4. No summons will be issued until after Plaintiff has had an opportunity to amend his Complaint in accordance with this Memorandum and Order.

5. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **September 14, 2009**.

6. Plaintiff shall keep the court informed of his current address at all times while his case is pending. **Failure to do so may result in dismissal without further notice.**

August 14, 2009.                          BY THE COURT:


                                          s/ Joseph F. Bataillon
                                          Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.